IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| **INDIA JONES,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**YIREH AUTO SALES, LLC, and RAPID RECOVERY OF GREENVILLE, LLC,**<br><br>**Defendants.** | Civil Case Number: 3:25-cv-07655-MGL<br><br>**CIVIL ACTION**<br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff INDIA JONES, a South Carolina resident, brings this Complaint by and through the undersigned attorneys against Defendants YIREH AUTO SALES, LLC and RAPID RECOVERY OF GREENVILLE, LLC, (hereinafter referred to as "Defendants").

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3. Plaintiff brings this action after the Defendants breached the peace and illegally repossessed her vehicle, thereby blatantly violating South Carolina law and illegally converting her vehicle. Plaintiff also brings a claim against Defendant Rapid Recovery of Greenville, LLC, for illegally repossessing her vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

4. Plaintiff is seeking the return of her illegally seized vehicle, statutory damages, actual

1

damages and punitive damages, as well as attorneys fees and costs.

## PARTIES

5. Plaintiff INDIA JONES is a natural person and a resident of Columbia, South Carolina and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant YIREH AUTO SALES, LLC, (hereinafter referred to as "Yireh Auto") is car dealership and financial lender with its principal place of business located at 4507 White Horse Road, Greenville, South Carolina 29611.

7. Defendant RAPID RECOVERY OF GREENVILLE, LLC, (hereinafter referred to as "Rapid Recovery") is a repossession company, with its principal place of business located at 133 Campbell Lake Road, Greer, South Carolina 29651.

8. Upon information and belief, Defendant Rapid Recovery is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

9. For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), Defendant Rapid Recovery is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

10. Plaintiff repeats, reiterates and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

11. The Plaintiff owns a 2016 Dodge Durango (hereinafter referred to as "the Vehicle"), which was financed through a loan with Defendant Yireh Auto.

12. The Plaintiff purchased and used the Vehicle for her personal use and enjoyment.

13. The money owed under the Yireh Auto loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

14. Sometime prior to January 13, 2025, the Plaintiff fell behind on her obligations to Yireh Auto.

15. As a result, Yireh contracted with Defendant Rapid Recovery to repossess the Plaintiff's vehicle.

16. On or about January 13, 2025, at approximated 7:00 p.m., the Plaintiff and her two-year-old child were lawfully seated in the Vehicle, which was parked in a public parking lot with the engine running and headlight illuminated.

17. While seated in the Vehicle, Plaintiff heard a loud and unexpected noise and suddenly felt the Vehicle begin to lift, causing her body to jolt toward the steering wheel.

18. Before Plaintiff could exit the Vehicle to confront the driver of the repossession truck (hereinafter referred to as "Defendants' repo agent"), Defendants' repo agent had already hooked and lifted the Plaintiff's occupied vehicle to the tow truck.

19. It is inherently dangerous and reckless to attempt to repossess, hook, lift or tow an occupied vehicle, particularly when the occupants are not expecting such a sudden movement of their vehicle, as such actions can cause damage to the vehicle and injury to the occupants.

20. The Defendant's repo agent knew that he could not safely and legally lift and repossess an occupied vehicle and that doing so could cause injury or damage, but did so anyway.

21. The Defendant's repo agent approached the Plaintiff's window and informed her that he was there to repossess the Vehicle.

22. Plaintiff immediately objected, explaining that the Vehicle could not lawfully be repossessed while it was occupied – particularly while her young child was inside.

23. Plaintiff further advised Defendants' repo agent that she had reached a verbal agreement with Defendant Yireh Auto to bring her account current by January 15, 2025.

24. Defendants' repo agent then instructed the Plaintiff to exit herself from the Vehicle.

25. The Plaintiff refused to get out of the Vehicle, which remained suspended on the tow truck

with her minor child visibly distressed inside.

26. Plaintiff reiterated her objection to the repossession and the illegality of towing the Vehicle with occupants inside, but Defendants' repo agent continued to proceed with the repossession undeterred.

27. Defendants' repo agent then contacted armed law enforcement.

28. Upon arrival, a responding officer advised both the Plaintiff and Defendants' repo agent that law enforcement could not intervene in a civil repossession dispute.

29. The officer requested that Defendants' repo agent lower the Plaintiff's vehicle and cease with the repossession due to the presence of the Plaintiff and her minor child inside the Vehicle.

30. Defendants' repo agent refused to comply with the officer's request and continued detaining the Plaintiff and her child in the suspended Vehicle.

31. Defendants' repo agent subsequently began to recklessly drive the tow truck with the Vehicle attached, moving through the parking lot while Plaintiff and her child remained seated inside the towed Vehicle.

32. Defendants' repo agent then called law enforcement a second time.

33. When the officer returned to the scene, she advised Defendants' repo agent that towing an occupied vehicle was improper and that Defendants' repo agent could not continue with the repossession under the circumstances.

34. The officer reiterated tat she could not forcibly intervene but urged Defendants' repo agent to cease the repossession efforts.

35. Despite having no present right to possession of the Vehicle, and in the face of Plaintiff's repeated objections, Defendants' repo agent completed the repossession using coercion,

threats, and intimidation.

36. Defendants ultimately took possession of the Vehicle and failed to return it to Plaintiff. Upon information and belief, the Vehicle and its content were subsequently sold by Defendants without lawful notice or due process.

37. As a direct result of Defendants' unlawful conduct, Plaintiff was forced to spend considerable time and effort attempting to recover her Vehicle and personal belongings and was deprived of the use and enjoyment of her property.

38. Plaintiff further suffered anger, annoyance, frustration, embarrassment and emotional distress, including depression, especially as her minor child was present and directly impacted by the incident, as a result of the Defendants' illegal actions.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***
**(Against Defendant Rapid Recovery)**

39. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

40. Plaintiff brings this claim against Defendant Rapid Recovery.

41. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

42. Section 1692f(6) of the FDCPA prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

    (A)    there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

    (B)    the property is exempt by law from such dispossession or disablement.

43. Under S.C. Code Ann. § 36–9–609, a secured party may take possession of collateral after default, without judicial process, **only** if the repossession proceeds without a breach of the peace.

44. At the time of the repossession and disablement, the Plaintiff was clearly and actively protesting the repossession while inside the Vehicle, preventing the Defendant from towing the Vehicle without resorting to a breach of the peace.

45. As a result, the Defendant did not have the present right to possession of the Plaintiff's vehicle when they attempted to repossess it, and was prohibited from repossessing it.

46. Moreover, after committing their breach of the peace during their attempts to repossess the Plaintiff's vehicle, Plaintiff's vehicle was also clearly exempt from repossession.

47. As a result, the Defendant violated 15 USC § 1692f(6) when they repossessed the Plaintiff's vehicle on January 13, 2025.

48. By attempting to illegally repossess the Plaintiff's vehicle in violation of the FDCPA – and by subsequently illegally repossessing the vehicle - Defendant harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving the Plaintiff of the use of her vehicle and the possessions contained therein, and by subjecting the Plaintiff to unfair and unconscionable means to collect a debt.

49. Defendant's illegal activity also harmed the Plaintiff by causing her to suffer anger, anxiety, wasted time, emotional distress, depression, frustration, fear for her own safety, fear for the safety of her minor child, and embarrassment.

50. By reason thereof, Defendant Rapid Recovery is liable to the Plaintiff for judgment that

Defendant's conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

### UNLAWFUL REPOSSESSION
### S.C. Code Ann. § 36-9-601 *et seq.*
### (Against All Defendants)

51. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

52. Plaintiff brings this claim against all Defendants.

53. South Carolina only permits self-help repossession of consumer motor vehicles when such repossession can be recovered without breach of the peace, and only where the lender has an enforceable security interest. S.C. Code Ann. § 36-9-601, S.C. Code Ann. § 36-9-609, S.C. Code Ann. § 36-9-610.

54. At the time of the repossession, the Defendants breached the peace when they repossessed the Plaintiff's vehicle by failing to stop the repossession in the face of Plaintiff's unequivocal protests, by threatening the use of armed law enforcement, by contacting law enforcement, and by recklessly hooking, lifting, and towing that vehicle when that vehicle was occupied.

55. Furthermore, the Defendants then seized the Vehicle anyway and held that vehicle for a period, even after they were alerted that they had no right to take the vehicle.

56. As a direct and proximate result of the Defendants' illegal repossession, Plaintiff suffered damages, including the loss of use of the Vehicle and the possessions contained therein, the loss of the right to pre repossession judicial process, damage to the vehicle, as well as mental and emotional harm including frustration and embarrassment.

57. By illegally repossessing the Plaintiff's vehicle in violation of the UCC, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and in subjecting Plaintiff to unfair and unconscionable means to collect a debt.

58. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer anger, anxiety, emotional distress, depression, frustration, fear for her own safety, fear for the safety of her minor child, and embarrassment, by causing her to waste time and effort in trying to regain possession of the vehicle and by depriving her of the use of her vehicle and the possessions contained therein.

## COUNT III

### CONVERSION
### (Against All Defendants)

59. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

60. Plaintiff brings this claim against all Defendants.

61. As set forth above, the Defendants wrongfully repossessed the Plaintiff's vehicle at a time that the Plaintiff was instead entitled to the present use of her own vehicle and the possessions contained therein.

62. The Defendants then held Plaintiff's vehicle for a period of time, and continue to hold onto that vehicle and the possessions contained therein, thereby exercising control over the Plaintiff's property.

63. Defendants' conversion of Plaintiff's vehicle harmed Plaintiff, by literally stealing and holding her vehicle and the possessions contained therein. Defendants further harmed the

Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving her of the use of her vehicle and the possessions contained therein, in causing Plaintiff to waste countless hours in trying to recover her vehicle, and by subjecting her to unfair and unconscionable means to collect a debt.

64. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer monetary damages, fear for her safety, fear for the safety of her minor child, damage to her vehicle, anger, anxiety, emotional distress, depression, frustration and embarrassment.

65. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants wrongfully converted the Plaintiff's vehicle and personal possessions, actual damages, punitive damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

66. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

    (a)    awarding Plaintiff her actual damages incurred, as well as punitive damages;

    (b)    awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

    (c)    awarding the Plaintiff the return of her vehicle and the possessions

contained therein;

(c) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: July 15, 2025

/s/ Spencer Andrew Syrett
Spencer Andrew Syrett, Esq.
Federal Bar ID # 4408
712 Richland Street, Suite E
Columbia, SC 29201
Tel: (803) 765-2110
Email: syrettlaw@sc.rr.com
*Local Counsel for Plaintiff*

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
yzelman@marcuszelman.com
*Pro Hac Vice To Be Filed*
*Attorneys for Plaintiff*